# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Allegheny County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**

- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Roswitha M. DeToma | Lead Defendant's Name: Target Corporation |
|---|---|
| **Are money damages requested?** [X] Yes [ ] No | Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits |
| **Is this a *Class Action Suit*?** [ ] Yes [X] No | **Is this an *MDJ Appeal*?** [ ] Yes [X] No |

Name of Plaintiff/Appellant's Attorney: Brendan B. Lupetin

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [X] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

EXHIBIT A

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROSWITHA M. DeTOMA and GUY F. DeTOMA, husband and wife,

*Plaintiffs*,

vs.

TARGET CORPORATION,

*Defendant*.

CIVIL DIVISION

No. GD24-

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiffs

Counsel of Record for this Party:

**BRENDAN B. LUPETIN, ESQUIRE**
Pa. I.D. No. 201164
blupetin@pamedmal.com

LUPETIN & UNATIN, LLC
Grant Building, Suite 3204
310 Grant Street
Pittsburgh, PA 15219

(412) 281-4100
(412) 281-4111 Fax

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ROSWITHA M. DeTOMA and GUY F. DeTOMA, husband and wife,<br><br>*Plaintiffs,*<br><br>vs.<br><br>TARGET CORPORATION,<br><br>*Defendant.* | CIVIL DIVISION<br><br>No. |

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff Wife. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE**
**The Allegheny County Bar Association**
**Third Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**412-261-5555**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ROSWITHA M. DeTOMA and GUY F. DeTOMA, husband and wife,<br><br>*Plaintiffs*,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>*Defendant*. | CIVIL DIVISION<br><br>No. |

**<u>COMPLAINT IN CIVIL ACTION</u>**

AND NOW, come the Plaintiffs, Roswitha M. DeToma and Guy F. DeToma, husband and wife, by and through their undersigned counsel, Brendan B. Lupetin, Esquire and the law firm of Lupetin & Unatin, LLC and make Complaint against the Target Corporation, upon cause whereof the following is a statement:

1. Plaintiff, Roswitha M. DeToma, ("Plaintiff Wife") is an adult individual and resides at 795 Sunrise Drive, Leechburg, Westmoreland County, Pennsylvania 15656.

2. Plaintiff, Guy F. DeToma, ("Plaintiff Husband") is Roswitha M. DeToma's husband and an adult individual and resides at 795 Sunrise Drive, Leechburg, Westmoreland County, Pennsylvania 15656.

3. Defendant, Target Corporation, is a Minnesota Corporation registered to conduct business in the Commonwealth of Pennsylvania, with a general merchandise consumer retail store at 2661 Freeport Road, Pittsburgh, Pennsylvania 15238 (hereinafter "Premises").

4. Defendant, Target Corporation's business address is 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

5. At all times relevant hereto, the Defendant, by and through its agents, employees, and servants owned, managed, controlled, possessed, operated, and/or maintained the Premises.

6. At all times relevant hereto, the Defendant was acting independently and by and through its duly authorized agents, servants and/or employees, who were then and there acting within the course and scope of their employment.

7. On May 11, 2024, Plaintiff Wife was on the property of the Premises as a business invitee.

8. During such time and place, Defendant allowed and/or created a dangerous condition to exist on the Premises consisting of a sticky substance on the floor of an aisle.

9. On information and belief, the dangerous condition was the product of a substance that had spilled and/or dripped onto the floor and that had been allowed to remain on the floor without any attempt to clean it up, block it off, and/or warn about it for an unreasonable amount of time.

10. At the aforementioned time and place and for some time prior thereto, Defendant had notice and/or knowledge of the aforementioned dangerous condition, or, in the exercise of reasonable care, should have had notice and knowledge of the aforementioned dangerous condition.

11. At the aforementioned time and place and for some time prior thereto, the Defendant realized, or should have realized, that the dangerous condition posed an unreasonable risk of harm to business invitees like Plaintiff Wife.

12. At the aforementioned time and place and for some time prior thereto, the Defendant knew, or in the exercise of reasonable care, should have known that business invitees,

like Plaintiff Wife, would not discover the danger nor would they be able to protect themselves against it.

13. At the aforementioned time and place, the Defendant failed to exercise reasonable care to protect business invitees against or warn business invitees about the danger and/or remediate the dangerous condition.

14. At the aforementioned time and place, Plaintiff Wife proceeded along the aisle in question when suddenly and without warning one and/or both of her feet contacted the substance.

15. As a direct and proximate result of the foregoing, Plaintiff Wife was caused to fall.

16. As a direct and proximate result of her fall, Plaintiff Wife sustained injuries and damages more specifically set forth hereafter.

17. Defendant had a responsibility to maintain the Premises and area in question in a condition free and clear of dangerous substances that could cause patrons, like Plaintiff Wife, to fall and injure themselves.

18. Defendant had a responsibility to warn business invitees of dangerous conditions on its Premises and specifically in that location where Plaintiff Wife fell.

**COUNT I**
**Negligence**
*Roswitha M. DeToma v. Target Corporation*

19. Plaintiff Wife incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

20. All the resultant losses, damages, and injuries sustained by Plaintiff Wife were a direct and proximate result of the negligence of Defendant, directly and/or by and through its duly authorized agents, servants and/or employees and in the following particulars:

a. In having and/or allowing to remain on the floor of its Premises, a dangerous, sticky substance which Defendant knew, or should have known, posed a danger to business invitees;

b. In creating and perpetuating a dangerous and/or otherwise hazardous condition consisting of a sticky substance on the Premises floor which Defendant knew, or should have known, posed a danger to business invitees;

c. In failing to remedy, correct, clean up and/or or fix the unsafe, dangerous and/or otherwise hazardous condition when the Defendant knew, or should have known of its existence and that it created a serious risk of injury to business invitees walking thereon;

d. In failing to exercise reasonable care to discover the dangerous condition before Plaintiff Wife encountered it;

e. In failing to realize the dangerous condition involved an unreasonable risk of harm to business invitees like Plaintiff Wife;

f. In failing to properly supervise its agents, servants, and employees working at the subject premises;

g. In failing to maintain its Premises in a reasonably safe condition for business invitees like Plaintiff;

h. In failing to inspect for and/or discover and/or correct the dangerous condition;

i. In failing to warn customers including Plaintiff Wife about the dangerous condition; and/or

j. In failing to cordon off or otherwise block access to the area where the dangerous condition existed.

21. As a result of the aforementioned injuries, Plaintiff Wife has suffered and/or may suffer any and/or all of the following damages:

a. Physical and mental anguish, pain, suffering, inconvenience, and/or distress past, present, and/or future;

b. Embarrassment and humiliation past, present, and/or future;

c. Deprivation of the enjoyment of life's ordinary pleasures past, present, and/or future;

d. Shock and injury to the nerves and nervous system past, present, and/or future;

e. Emotional distress past, present, and/or future;

f. Expenditures of money for medical aid, surgery, hospitalization, physical therapy, medicines and the like past, present, and/or future; and

g. Lost past, present, and/or future income.

WHEREFORE, Plaintiff Wife brings suit against the Defendant for a judgment in excess of the jurisdictional limits of the Board of Arbitrators of this Honorable Court for all damages recoverable under the laws of this Commonwealth.

**COUNT II**
**Loss of Consortium**
*Guy F. DeToma v. Target Corporation*

22. All paragraphs of this Complaint as previously set forth are hereby incorporated as if fully set forth herein.

23. As a result of the injuries to Plaintiff Wife, Plaintiff Husband has been and/or may be deprived of his wife's aide, comfort, assistance, support, companionship, and consortium.

WHEREFORE, Plaintiff Husband brings suit against the Defendant for a judgment in excess of the jurisdictional limits of the Board of Arbitrators of this Honorable Court for all damages recoverable under the laws of this Commonwealth.

**JURY TRIAL DEMANDED**

Respectfully submitted,

LUPETIN & UNATIN, LLC

By: ______________________
Brendan B. Lupetin, Esquire
Attorney for Plaintiffs

**VERIFICATION**

We, ROSWITHA M. DETOMA and GUY F. DETOMA, have read the foregoing COMPLAINT IN CIVIL ACTION. The factual information therein which was provided by us to our attorneys is true and correct to the best of our personal knowledge, information or belief.

Any other contents of the COMPLAINT IN CIVIL ACTION, including additional factual information, legal theories or conclusions of law, have been prepared by our attorneys, who have signed the pleading, and are based upon their investigation and analysis of information available to them and the applicable law.

We make this statement subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATE: 7/6/24 Roswitha M. DeToma
**ROSWITHA M. DETOMA**

DATE: 7/6/24 [signature]
**GUY F. DETOMA**

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Lupetin & Unatin, LLC

Signature: ____________________

Name: Brendan B. Lupetin, Esquire

Attorney No. (if applicable): 201164